**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHELLY BENSON and LISA CAPARELLIL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NEWELL BRANDS INC. and NUK USA LLC,<br><br>Defendants. | Case No.: 1:19-cv-06836 (RAG/YBK)<br><br>The Honorable Ronald A. Guzman<br><br>Magistrate Judge Young B. Kim |

**DECLARATION OF MELISSA S. WEINER IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

I, Melissa S. Weiner, declare as follows:

1.       I am an attorney duly admitted to practice before this Court. I am a partner at the firm of Pearson, Simon & Warshaw, LLP ("PSW"), one of the law firms representing Plaintiffs Shelly Benson and Lisa Caparelli and the proposed Class in this case. PSW associated with Carlson Lynch, LLP in this action (together with PSW, "Class Counsel").

2.       I submit this declaration in support of Plaintiffs' Motion for Class Certification ("Motion"). I am one of the attorneys principally responsible for the handling of this matter for PSW. I am personally familiar with the facts set forth in this declaration. If called as a witness I could and would competently testify to the matters stated herein.

3.       PSW has the experience, resources and ability to adequately represent the Plaintiffs and Class members in this class action lawsuit. A complete profile of PSW's attorneys and summary of the numerous litigations in which they have obtained successful results, including obtaining approximately $3 billion in settlements and verdicts in a wide range of cases, is set forth in PSW's firm resume attached hereto as **Exhibit 1**.

4.       Since my admission to the bar in 2007, I have earned appointment in a variety of MDL's and class actions throughout the country. Specifically, I chair the Plaintiffs' Executive Committee ("PEC") in *In Re Santa Fe Natural Tobacco Company Marketing & Sales Practices and Products Liability Litigation*, 1:16-md-02695-JB-LF (D.N.M.). In that role, I am responsible for leading and directing pretrial matters, including the delegation of common benefit work responsibilities to the members of the PEC. I had a substantial role in strategizing and preparing the opposition to the motion to dismiss and was lead in arguing the motion to dismiss, which resulted in a 249-page order favorable to the plaintiffs. Additionally, Ms. Weiner co-led all strategy related to class certification, which culminated with a one-week hearing in December 2020. Additionally, in a contested motion, Ms. Weiner was appointed as Co-Lead Interim Class Counsel in *In re Fairlife Milk Products Marketing and Sales Practices Litigation*, MDL No. 2909, No. 19-cv-3924 (N.D. Ill.), a nationwide false advertising class action. Ms. Weiner was also appointed to the Plaintiffs' Steering Committee in *In re: Blackbaud, Inc., Customer Data Breach Litigation*,

MDL No. 2972 (D.S.C.). Particularly relevant for this action, I have been named class counsel—and achieved significant results for consumers in deceptive labeling cases—in the following actions: *Frohberg v. Cumberland Packing Corp.*, No. 1:14-cv-00748-KAM-RLM (E.D.N.Y.) (misleading "natural" sweetener); *Martin et al. v. Cargill, Inc.*, Civil No. 1:14-cv-00218-LEKBMK (D. Haw.) (misleading "natural" sweetener); *Gay v. Tom's of Maine, Inc.*, 0:14-cv-60604-KMM (S.D. Fla.) (misleading "natural" cosmetics); *Baharestan v. Venus Labs., Inc. d/b/a Earth Friendly Prods., Inc.*, 315-cv-03578-EDL (N.D. Cal.) (misleading "natural" snack foods); *Barron v. Snyder's-Lance, Inc.*, 0:13-cv-62496-JAL (S.D. Fla.) (misleading "natural" snack foods).

5.      PSW served as Co-Lead Counsel in *In re Credit Default Swaps Antitrust Litigation*, MDL No. 2476 (S.D.N.Y.), an antitrust class action alleging an anticompetitive conspiracy by the largest international banks and financial institutions in the world to fix the price of credit default swaps. That case resulted in $1.86 billion in settlements, making it one of the largest civil lawsuit recoveries in history. PSW also served as Co-Lead Counsel on behalf of the Direct Purchaser Plaintiffs in *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827 (N.D. Cal.). In that case, we helped secure a settlement of over $400 million for the Class and obtained an $87 million verdict, before trebling, following a five-week trial against the only remaining defendant in the case, Toshiba Corporation and its related entities. In addition to those listed above, PSW has served as lead or co-lead counsel in some of the most advanced and cutting-edge class actions in the country, including: *In re Lithium Ion Batteries Antitrust Litigation*, MDL No. 2420 (N.D. Cal.); *In re Carrier IQ Consumer Privacy Litigation*, MDL No. 2330 (N.D. Cal.); *In re Santa Fe Natural Tobacco Company Marketing and Sales Practices Litigation*, MDL No. 2695 (D.N.M).

6.      In this District, PSW spearheaded *In re Potash Antitrust Litigation (No. II)*, MDL No. 1996 (N.D. Ill.), before the Hon. Ruben Castillo. *Potash II* was a direct purchaser multidistrict class action in which plaintiffs alleged price-fixing of potash sold in the United States. Direct purchaser plaintiffs defeated a motion to dismiss, but a three-judge panel of the Seventh Circuit Court of Appeals reversed Judge Castillo's decision on interlocutory appeal. We petitioned for and

were granted *en banc* review by the Seventh Circuit. The Seventh Circuit sitting *en banc* then issued a unanimous opinion, reversing the first panel decision, affirming Judge Castillo's denial of defendants' motion to dismiss, and establishing critical precedent concerning the Foreign Trade Antitrust Improvements Act of 1982, 15 U.S.C. § 6a. *Minn-Chem, Inc. v. Agrium Inc*., 683 F.3d 845 (7th Cir. 2012). The case eventually resolved, resulting in a $90 million class settlement on behalf of Direct Purchaser Plaintiffs.

7.      Also in this District, PSW attorneys currently serve as interim co-lead counsel on behalf of direct purchaser plaintiffs in *In re Broiler Chicken Antitrust Litigation*, Case No. 1:16-cv-08637 (Hon. Thomas M. Durkin). The complaint alleges that the nation's largest broiler chicken producers violated antitrust laws by limiting production and engaging in other conduct in violation of the Sherman Act.

8.      The background and experience of the attorneys at PSW, our efforts to investigate and develop the allegations in this case, and our clients' stake in this litigation give my firm and me a solid foundation by which we can continue to prosecute this case efficiently and expeditiously.

9.      Class Counsel have spent many of hours diligently and passionately pursuing the instant matter on behalf of Plaintiffs and the proposed Class. The Court is well-aware of the procedural history of the instant action, but in summary Class Counsel have represented Plaintiffs and the proposed Class through dispositive motion briefing, extensive discovery involving voluminous document production, depositions, and significant expert work.

10.     PSW has no known conflicts which would prevent them from adequately representing the proposed Class.

11.     Attached as **Exhibit 2** is a chart outlining the consumer protection laws of each relevant state as referenced in the concurrently-filed Motion.

/ / /

/ / /

/ / /

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 14, 2021, in Greenwood, Minnesota.

*/s/ Melissa S. Weiner*

_____

Melissa S. Weiner

# EXHIBIT 1



**PEARSON | SIMON · WARSHAW** LLP

| **LOS ANGELES** | **SAN FRANCISCO** | **MINNEAPOLIS** |
|---|---|---|
| 15165 Ventura Boulevard | 350 Sansome Street | 800 LaSalle Avenue |
| Suite 400 | Suite 680 | Suite 2150 |
| Sherman Oaks, CA 91403 | San Francisco, CA 94104 | Minneapolis, MN 55402 |
| Tel (818) 788-8300 | Tel (415) 433-9000 | Tel (612) 389-0600 |
| Fax (818) 788-8104 | Fax (415) 433-9008 | Fax (612) 389-0610 |

WWW.PSWLAW.COM

Pearson, Simon & Warshaw, LLP ("PSW") is an AV-rated civil litigation firm with offices in Los Angeles, San Francisco and Minneapolis. The firm specializes in complex litigation, including state coordination cases and federal multi-district litigation. Its attorneys have extensive experience in antitrust, securities, consumer protection, and unlawful employment practices. The firm handles national and multi-national class actions that present cutting-edge issues in both substantive and procedural areas. PSW attorneys understand how to litigate difficult and large cases in an efficient and cost-effective manner, and they have used these skills to obtain outstanding results for their clients, both through trial and negotiated settlement. They are recognized in their field for excellence and integrity, and are committed to seeking justice for their clients.

## CASE PROFILES

PSW attorneys currently hold, or have held, a leadership role in the following representative cases:

- *In re National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litigation*, Northern District of California, MDL No. 2451. PSW attorneys currently serve as co-lead counsel in this multidistrict litigation that alleges the NCAA and its member conferences violate the antitrust laws by restricting the value of grant-in-aid athletic scholarships and other benefits that college students who are football and basketball players can receive. PSW settled the damages case, recently obtaining final approval of a $208 million dollar settlement. PSW attorneys with co-counsel have completed a bench trial for the injunctive portion of the case. A verdict for Plaintiffs was awarded, and the United States Supreme Court recently issued an Opinion affirming the verdict 9-0. *See* Case No. 20-512, 594 U.S. ___ (2021).

- *In re Credit Default Swaps Antitrust Litigation*, Southern District of New York, MDL No. 2476. PSW attorneys served as co-lead counsel and represented the Los Angeles County Employees Retirement Association ("LACERA") in a class action on behalf of all purchasers and sellers of Credit Default Swaps ("CDS") against twelve of the world's largest banks. The lawsuit alleged that the banks, along with other defendants who controlled the market infrastructure for CDS trading, conspired for years to restrain the efficient trading of CDS, thereby inflating the cost to trade CDS. The alleged antitrust conspiracy resulted in billions of dollars in economic harm to institutional investors such

958091.3

PEARSON, SIMON & WARSHAW, LLP

as pension funds, mutual funds, and insurance companies who used CDS to hedge credit risks on their fixed income portfolios. After nearly three years of litigation and many months of intensive settlement negotiations, PSW helped reach a settlement with the defendants totaling $1.86 *billion* plus injunctive relief. On April 15, 2016, the Honorable Denise L. Cote granted final approval to the settlement, which is one of the largest civil antitrust settlements in history.

- *In re TFT-LCD (Flat Panel) Antitrust Litigation*, Northern District of California, MDL No. 1827. PSW served as co-lead counsel for the direct purchaser plaintiffs in this multidistrict litigation arising from the price-fixing of thin film transistor liquid crystal display ("TFT-LCD") panels. Worldwide, the TFT-LCD industry is a multi-billion dollar industry, and many believe that this was one of the largest price-fixing cases in the United States. PSW helped collect over $405 million in settlements before the case proceeded to trial against the last remaining defendant, Toshiba Corporation and its related entities. PSW partner Bruce L. Simon served as co-lead trial counsel, successfully marshaled numerous witnesses, and presented the opening argument. On July 3, 2012, PSW obtained a jury verdict of $87 million (before trebling) against Toshiba. PSW later settled with Toshiba and AU Optronics to bring the total to $473 million in settlements. In 2013, California Lawyer Magazine awarded Mr. Simon a California Lawyer of the Year Award for his work in the *TFT-LCD* case.

- *In re Potash Antitrust Litigation (No. II)*, Northern District of Illinois, MDL No. 1996. PSW partner Bruce L. Simon served as co-lead counsel for the direct purchaser plaintiffs in this multidistrict litigation arising from the price-fixing of potash sold in the United States. After the plaintiffs defeated a motion to dismiss, the defendants appealed, and the Seventh Circuit Court of Appeals agreed to hear the case *en banc*. Mr. Simon presented oral argument to the *en banc* panel and achieved a unanimous 8-0 decision in his favor. The case resulted in $90 million in settlements for the direct purchaser plaintiffs, and the Court's opinion is one of the most significant regarding the scope of international antitrust conspiracies. *See Minn-Chem, Inc. v. Agrium Inc.*, 683 F. 3d 845 (7th Cir. 2012).

- *North American Soccer League, LLC v. United States Soccer Federation, Inc., and Major League Soccer, L.L.C.*, Eastern District of New York, Case No. 1:17-cv-05495-MKB-ST. PSW, along with co-counsel, represents the North American Soccer League in a matter against the United States Soccer Federation and Major League Soccer alleging antitrust violations. The complaint alleges that U.S. Soccer and MLS have driven NASL out of business and have prevented NASL from competing against MLS (the sole Division I league) and the United Soccer League (the sole Division II league), which is affiliated with MLS.

- *In re Broiler Chicken Antitrust Litigation*, Northern District of Illinois, Case No. 1:16-cv-08637. PSW attorneys currently serve as interim co-lead counsel on behalf of direct purchaser plaintiffs. The complaint alleges that the nation's largest broiler chicken producers violated antitrust laws by limiting production and manipulating the price indices.

Pearson, Simon & Warshaw, LLP

Thus far, PSW and co-counsel have secured final approval of over $169 million in settlements for the direct purchaser plaintiffs with numerous defendants remaining in the litigation.

- *In re Pork Antitrust Litigation*, District of Minnesota, Case No. 0:18-cv-01776. PSW attorneys currently serve as interim co-lead counsel on behalf of direct purchaser plaintiffs. The complaint alleges that the nation's largest pork producers violated antitrust laws by limiting production and manipulating the price indices. Thus far, PSW and co-counsel have secured over $100 million in settlements for the direct purchaser plaintiffs with numerous defendants remaining in the litigation.

- *Greg Kihn, et al. v. Bill Graham Archives, LLC, et al.*, Northern District of California Case No. 4:17-cv-05343-JSW. PSW attorneys currently serve as Class counsel in this certified copyright class action alleging that defendants broadcasted, continue to broadcast, or otherwise make available to the public, copyrighted musical works of Plaintiffs and the Class without proper licenses, as required under the Copyright Act.

- *Grace v. Apple, Inc.*, Northern District of California, 5:17-CV-00551. PSW partner Daniel L. Warshaw currently serves as class counsel in this California certified class action on behalf of consumers who allege Apple intentionally broke its "FaceTime" video conferencing feature for Apple iPhone 4 or iPhone 4S users operating on iOS 6 or earlier.

- *In re Santa Fe Natural Tobacco Company Marketing, Sales Practices, and Products Liability Litigation*, District of New Mexico, Case No. 1:16-md-02695-JB-LF. PSW partner Melissa S. Weiner chairs the Executive Committee and PSW partner Daniel L. Warshaw serves on the executive committee. This class action alleges that defendants' "natural" and "additive free" claims on their tobacco products were false and misleading to consumers.

- *In re Keurig Green Mountain Single-Serving Coffee Antitrust Litigation*, Southern District of New York, MDL No. 2542. In June 2014, Judge Vernon S. Broderick appointed PSW to serve as interim co-lead counsel on behalf of indirect purchaser plaintiffs in this multidistrict class action litigation. The case arises from the alleged unlawful monopolization of the United States market for single-serve coffee packs by Keurig Green Mountain, Inc. Keurig's alleged anticompetitive conduct includes acquiring competitors, entering into exclusionary agreements with suppliers and distributors to prevent competitors from entering the market, engaging in sham patent infringement litigation, and redesigning the single-serve coffee pack products in the next version of its brewing system to lock out competitors' products. PSW and co-counsel recently obtained final approval of a $31 million settlement.

- *Senne, et al. v. Office of the Commissioner of Baseball, et al.*, Northern District of California, Case No. 14-cv-0608. PSW attorneys currently serve as co-lead counsel in this certified class action and FLSA collective action on behalf of minor league baseball players

PEARSON, SIMON & WARSHAW, LLP

who allege that Major League Baseball and its member franchises violate the FLSA and state wage and hour laws by failing to pay minor league baseball players minimum wage and overtime.

- *In re KIND LLC "Healthy and All Natural" Litigation*, Southern District of New York, MDL No. 2645. PSW partner Daniel L. Warshaw currently serves as interim co-lead counsel in this multistate certified class action on behalf of consumers who allege that they purchased KIND snack bars that were falsely advertised as "all natural," "non-GMO," and/or "healthy."

- *Trepte v. Bionaire, Inc.*, Los Angeles County Superior Court, Case No. BC540110. PSW attorneys served as Class Counsel in this certified class action alleging that the defendant sold defective space heaters. The complaint alleged that defendant breached the warranty and falsely advertised the safety of the heaters due to design defects that cause the heaters to fail – and, as a result of the failure, the heaters could spark, smoke and catch fire. Final approval of the class settlement was recently granted.

- *In re Carrier IQ Consumer Privacy Litigation*, Northern District of California, MDL No. 2330. PSW attorneys served as interim co-lead counsel in this putative nationwide class action on behalf of consumers who alleged privacy violations arising from software installed on their mobile devices that was logging text messages and other sensitive information.

- *Sciortino, et al. v. PepsiCo, Inc.*, Northern District of California, Case No. 14-cv-0478. PSW attorneys served as interim co-lead counsel in this putative California class action on behalf of consumers who alleged that PepsiCo failed to warn them that certain of its sodas contain excess levels of a chemical called 4-Methylimidazole in violation of Proposition 65 and California consumer protection statutes.

- *James v. UMG Recordings, Inc.*, Northern District of California, Case No. 11-cv-01613. PSW partner Daniel L. Warshaw served as interim co-lead counsel in this putative nationwide class action on behalf of recording artists and music producers who alleged that they had been systematically underpaid royalties by the record company UMG.

- *In re Warner Music Group Corp. Digital Downloads Litigation*, Northern District of California, Case No. 12-cv-00559. PSW attorneys served as interim co-lead counsel, with partner Bruce L. Simon serving as chairman of a five-firm executive committee, in this putative nationwide class action on behalf of recording artists and music producers who alleged that they had been systematically underpaid royalties by the record company Warner Music Group.

- *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation,* Northern District of California, MDL No. 1486. PSW partner Bruce L. Simon served as co-chair of discovery and as a member of the trial preparation team in this multidistrict litigation arising from

PEARSON, SIMON & WARSHAW, LLP

the price-fixing of DRAM, a form of computer memory. Mr. Simon was responsible for supervising and coordinating the review of almost a terabyte of electronic documents, setting and taking depositions, establishing and implementing protocols for cooperation between the direct and indirect plaintiffs as well as the Department of Justice, presenting oral arguments on discovery matters, working with defendants on evidentiary issues in preparation for trial, and preparation of a comprehensive pretrial statement. Shortly before the scheduled trial, class counsel reached settlements with the last remaining defendants, bringing the total value of the class settlements to over $325 million.

- *In re Methionine Antitrust Litigation*, Northern District of California, MDL No. 1311. PSW partner Bruce L. Simon served as co-lead counsel in this nationwide antitrust class action involving a conspiracy to fix prices of, and allocate the markets for, methionine. Mr. Simon was personally responsible for many of the discovery aspects of the case including electronic document productions, coordination of document review teams, and depositions. Mr. Simon argued pretrial motions, prepared experts, and assisted in the preparation of most pleadings presented to the Court. This action resulted in over $100 million in settlement recovery for the Class.

- *In re Sodium Gluconate Antitrust Litigation*, Northern District of California, MDL No. 1226. PSW partner Bruce L. Simon served as class counsel in this consolidated antitrust class action arising from the price-fixing of sodium gluconate. Mr. Simon was selected by Judge Claudia Wilken to serve as lead counsel amongst many other candidates for that position, and successfully led the case to class certification and settlement.

- *In re Citric Acid Antitrust Litigation*, Northern District of California, MDL No. 1092. PSW partner Bruce L. Simon served as class counsel in antitrust class actions against Archer-Daniels Midland Co. and others for their conspiracy to fix the prices of citric acid, a food additive product. Mr. Simon was one of the principal attorneys involved in discovery in this matter. This proceeding resulted in over $80 million settlements for the direct purchasers.

- *Olson v. Volkswagen of America, Inc.*, Central District of California, Case No. CV07-05334. PSW attorneys brought this class action lawsuit against Volkswagen alleging that the service manual incorrectly stated the inspection and replacement intervals for timing belts on Audi and Volkswagen branded vehicles equipped with a 1.8 liter turbo-charged engine. This case resulted in a nationwide class settlement.

- *Swain et al. v. Eel River Sawmills, Inc. et al.*, California Superior Court, DR-01-0216. Bruce L. Simon served as lead trial counsel for a class of former employees of a timber company whose retirement plan was lost through management's investment of plan assets in an Employee Stock Ownership Plan. Mr. Simon negotiated a substantial settlement on the eve of trial resulting in a recovery of approximately 40% to 50% of plaintiffs' damages after attorneys' fees and costs.

PEARSON, SIMON & WARSHAW, LLP

- *In re Homestore Litigation*, Central District of California, Master File No. 01-11115. PSW attorneys served as liaison counsel and class counsel for plaintiff CalSTRS in this securities class action. The case resulted in over $100 million in settlements to the Class.

- *In re MP3.Com, Inc., Securities Litigation*, Southern District of California, Master File No. 00-CV-1873. PSW attorneys served as defense counsel in this class action involving alleged securities violations under Rule 10b-5.

- *In re Automotive Refinishing Paint Cases*, Alameda County Superior Court, Judicial Council Coordination Proceeding No. 4199. PSW attorneys served as class counsel with other law firms in this coordinated antitrust class action alleging a conspiracy by defendants to fix the price of automotive refinishing products.

- *In re Beer Antitrust Litigation*, Northern District of California, Case No. 97-20644 SW. PSW partner Bruce L. Simon served as primary counsel in this antitrust class action brought on behalf of independent micro-breweries against Anheuser-Busch, Inc., for its attempt to monopolize the beer industry in the United States by denying access to distribution channels.

- *In re Commercial Tissue Products Public Entity Indirect Purchaser Antitrust Litigation*, San Francisco Superior Court, Judicial Counsel Coordination Proceeding No. 4027. PSW partner Bruce L. Simon served as co-lead counsel for the public entity purchaser class in this antitrust action arising from the price-fixing of commercial sanitary paper products.

- *Hart v. Central Sprinkler Corporation*, Los Angeles County Superior Court, Case No. BC176727. PSW attorneys served as class counsel in this consumer class action arising from the sale of nine million defective fire sprinkler heads. This case resulted in a nationwide class settlement valued at approximately $37.5 million.

- *Rueda v. Schlumberger Resources Management Services, Inc*., Los Angeles County Superior Court, Case No. BC235471. PSW attorneys served as class counsel with other law firms representing customers of the Los Angeles Department of Water & Power ("LADWP") who had lead-leaching water meters installed on their properties. The Court granted final approval of the settlement whereby defendant would pay $1.5 million to a *cy pres* fund to benefit the Class and to make grants to LADWP to assist in implementing a replacement program to the effected water meters.

- *In re Louisiana-Pacific Corp. Inner-Seal OSB Trade Practices Litigation,* Northern District of California, MDL No. 1114. PSW partner Bruce L. Simon worked on this nationwide product defect class action brought under the Lanham Act. The proposed class was certified, and a class settlement was finally approved by Chief Judge Vaughn Walker.

PEARSON, SIMON & WARSHAW, LLP

- *In re iPod nano Cases*, Los Angeles County Superior Court, Judicial Counsel Coordination Proceeding No. 4469. PSW attorneys were appointed co-lead counsel for this class action brought on behalf of California consumers who own defective iPod nanos. The case resulted in a favorable settlement.

- *Unity Entertainment Corp. v. MP3.Com*, Central District of California, Case No. 00-11868. PSW attorneys served as defense counsel in this class action alleging copyright infringement.

- *Vallier v. Jet Propulsion Laboratory*, Central District of California, Case No. CV97-1171. PSW attorneys served as lead counsel in this toxic tort action involving 50 cancer victims and their families.

- *Nguyen v. First USA N.A.,* Los Angeles County Superior Court, Case No. BC222846. PSW attorneys served as class counsel on behalf of approximately four million First USA credit card holders whose information was sold to third party vendors without their consent. This case ultimately settled for an extremely valuable permanent injunction plus disgorgement of profits to worthy charities.

- *Morales v. Associates First Financial Capital Corporation*, San Francisco Superior Court, Judicial Council Coordination Proceeding No. 4197. PSW attorneys served as class counsel in this case arising from the wrongful sale of credit insurance in connection with personal and real estate-secured loans. This case resulted in an extraordinary $240 million recovery for the Class.

- *In re AEFA Overtime Cases*, Los Angeles County Superior Court, Judicial Council Coordination Proceeding No. 4321. PSW attorneys served as class counsel in this overtime class action on behalf of American Express Financial Advisors, which resulted in an outstanding class-wide settlement.

- *Khan v. Denny's Holdings, Inc.*, Los Angeles County Superior Court, Case No. BC177254. PSW attorneys settled a class action lawsuit against Denny's for non-payment of overtime wages to its managers and general managers.

- *Kosnik v. Carrows Restaurants, Inc.*, Los Angeles County Superior Court, Case No. BC219809. PSW attorneys settled a class action lawsuit against Carrows Restaurants for non-payment of overtime wages to its assistant managers and managers.

- *Castillo v. Pizza Hut, Inc.,* Los Angeles County Superior Court, Case No. BC318765. PSW attorneys served as lead class counsel in this California class action brought by delivery drivers who claimed they were not adequately compensated for use of their personally owned vehicles. This case resulted in a statewide class settlement.

PEARSON, SIMON & WARSHAW, LLP

- *Baker v. Charles Schwab & Co., Inc.,* Los Angeles County Superior Court, Case No. BC286131. PSW attorneys served as class counsel for investors who were charged a fee for transferring out assets between June 1, 2002 and May 31, 2003. This case resulted in a nationwide class settlement.

- *Eallonardo v. Metro-Goldwyn-Mayer, Inc.,* Los Angeles County Superior Court, Case No. BC286950. PSW attorneys served as class counsel on behalf a nationwide class of consumers who purchased DVDs manufactured by defendants. Plaintiffs alleged that defendants engaged in false and misleading advertising relating to the sale of its DVDs. This case resulted in a nationwide class settlement.

- *Gaeta v. Centinela Feed, Inc.,* Los Angeles County Superior Court, Case No. BC342524. PSW attorneys served as defense counsel in this class action involving alleged failures to pay wages, overtime, employee expenses, waiting time penalties, and failure to provide meal and rest periods and to furnish timely and accurate wage statements.

- *Leiber v. Consumer Empowerment Bv A/K/A Fasttrack,* Central District of California, Case No. CV 01-09923. PSW attorneys served as defense counsel in this class action involving copyrighted music that was made available through a computer file sharing service without the publishers' permission.

- *Higgs v. SUSA California, Inc.,* Los Angeles County Superior Court Case No. BC372745. PSW attorneys are serving as co-lead class counsel representing California consumers who entered into rental agreements for the use of self-storage facilities owned by defendants. In this certified class action, plaintiffs allege that defendants wrongfully denied access to the self-storage facility and/or charged excessive pre-foreclosure fees.

- *Fournier v. Lockheed Litigation,* Los Angeles County Superior Court. PSW attorneys served as counsel for 1,350 residents living at or near the Skunks-Works Facility in Burbank. The case resolved with a substantial confidential settlement for plaintiffs.

- *Nasseri v. CytoSport, Inc.,* Los Angeles County Superior Court, Case No. 439181. PSW attorneys served as class counsel on behalf of a nationwide class of consumers who purchased CytoSport's popular protein powders, ready to drink protein beverages, and other "supplement" products. Plaintiffs alleged that these supplements contain excessive amounts of lead, cadmium and arsenic in amounts that exceed Proposition 65 and negate CytoSport's health claims regarding the products. The case resulted in a nationwide class action settlement which provided monetary relief to the class members and required the reformulation of CytoSport supplement products.

- *In re Samsung Top-Load Washing Machine Marketing, Sales Practice and Products Liability Litigation,* Western District of Oklahoma, Case No. 5:17-ml-02792-D. Plaintiffs allege that the top-load washing machines contain defects that cause them to leak and

958091.3                                                    8

PEARSON, SIMON & WARSHAW, LLP

explode. PSW Partner Melissa S. Weiner was appointed to the Plaintiffs' Steering Committee in this multi-district class action.

PEARSON, SIMON & WARSHAW, LLP

## ATTORNEY PROFILES

## PARTNERS

### CLIFFORD H. PEARSON

Clifford H. Pearson is a civil litigator and business lawyer focusing on complex litigation, class actions, and business law. In 2013 and 2016, Mr. Pearson was named by the *Daily Journal* as one of the Top 100 lawyers in California. Additionally, Mr. Pearson was named as one of the Daily Journal's 2019 Top Plaintiff Lawyers. He was instrumental in negotiating a landmark settlement totaling $1.86 billion in *In re Credit Default Swaps Antitrust Litigation*, a case alleging a conspiracy among the world's largest banks to maintain opacity of the credit default swaps market. Mr. Pearson also negotiated $473 million in combined settlements in *In re TFT-LCD (Flat Panel) Antitrust Litigation*, an antitrust case in the Northern District of California that alleged a decade-long conspiracy to fix the prices of TFT-LCD panels, $209 million in *In re NCAA Grant-in-aid Antitrust Litigation*, and over $90 million in *In re Potash Antitrust Litigation*, an antitrust case in the Northern District of Illinois that alleged price fixing by Russian, Belarusian and North American producers of potash, a main ingredient used in fertilizer.

Before creating the firm in 2006, Mr. Pearson was a partner at one of the largest firms in the San Fernando Valley, where he worked for 22 years. There, he represented aggrieved individuals, investors and employees in a wide variety of contexts, including toxic torts, consumer protection and wage and hour cases. Over his 35-plus year career, Mr. Pearson has successfully negotiated substantial settlements on behalf of consumers, small businesses and companies. In recognition of his outstanding work on behalf of clients, Mr. Pearson has been regularly selected by his peers as a Super Lawyer (representing the top 5% of practicing lawyers in Southern California). He has also attained Martindale-Hubbell's highest rating (AV) for legal ability and ethical standards.

Mr. Pearson is an active member of the American Bar Association, Los Angeles County Bar Association, Consumer Attorneys of California, Consumer Attorneys Association of Los Angeles, and Association of Business Trial Lawyers.

**Current Cases:**
- *In re Broiler Chicken Antitrust Litigation* (N.D. Ill.)
- *In re Pork Antitrust Litigation* (D. Minn.)
- *In re National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litigation* (N.D. Cal.)
- *North American Soccer League, LLC v. United States Soccer Federation, Inc., and Major League Soccer, L.L.C.* (E.D.N.Y.)
- *Senne, et al. v. Office of the Commissioner of Baseball, et al.* (N.D. Cal.)

PEARSON, SIMON & WARSHAW, LLP

**Education:**
- Whittier Law School, Los Angeles, California – J.D. – 1981
- University of Miami, Miami, Florida – M.B.A. – 1978
- Carleton University, Ontario, Canada – B.A. – 1976

**Bar Admissions:**
- California
- Ninth Circuit Court of Appeals
- U.S. District Court, Central District of California
- U.S. District Court, Eastern District of California
- U.S. District Court, Northern District of California
- U.S. District Court, Southern District of California

**Professional Associations and Memberships:**
- American Bar Association
- Association of Business Trial Lawyers
- Consumer Attorneys Association of Los Angeles
- Consumer Attorneys of California
- Los Angeles County Bar Association

### BRUCE L. SIMON

Bruce L. Simon is a partner emeritus at Pearson, Simon & Warshaw, LLP and has lead the firm to national prominence. Mr. Simon specializes in complex cases involving antitrust, consumer fraud and securities. He has served as lead counsel in many business cases with national and global impact.

In 2019, Mr. Simon was named as one of the Daily Journal's Top Plaintiff Lawyers. In 2018, Mr. Simon was awarded "Antitrust Lawyer of the Year" by the California Lawyers Association. In 2013 and 2016, Mr. Simon was chosen by the *Daily Journal* as one of the Top 100 attorneys in California. In 2013, he received the California Lawyer of the Year award from *California Lawyer Magazine* and was selected as one of seven finalists for Consumer Attorney of the Year by Consumer Attorneys of California for his work in *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827 (N.D. Cal.). That year, Mr. Simon was included in the Top 100 of California's "Super Lawyers" and has been named a "Super Lawyer" every year since 2003. He has attained Martindale-Hubbell's highest rating (AV) for legal ability and ethical standards.

Mr. Simon was co-lead class counsel in *In re TFT-LCD (Flat Panel) Antitrust Litigation*, a case that lasted over five years and resulted in $473 million recovered for the direct purchaser plaintiffs. Mr. Simon served as co-lead trial counsel and was instrumental in obtaining an $87 million jury verdict (before trebling). He presented the opening argument and marshalled numerous witnesses during the six-week trial.

PEARSON, SIMON & WARSHAW, LLP

Also, Mr. Simon was co-lead class counsel in *In re Credit Default Swaps Antitrust Litigation*, a case alleging a conspiracy among the world's largest banks to maintain opacity of the credit default swaps market as a means of maintaining supracompetitive prices of bid/ask spreads. After three years of litigation and many months of intensive settlement negotiations, the parties in *CDS* reached a landmark settlement amounting to $1.86 billion. It is one of the largest civil antitrust settlements in history.

Mr. Simon was also co-lead class counsel in *In re Potash Antitrust Litigation (II)*, MDL No. 1996 (N.D. Ill.), where he successfully argued an appeal of the district court's order denying the defendants' motions to dismiss to the United States Court of Appeals for the Seventh Circuit. Mr. Simon presented oral argument during an *en banc* hearing before the Court and achieved a unanimous 8-0 decision in his favor. The case resulted in $90 million in settlements for the direct purchaser plaintiffs, and the Court's opinion is one of the most significant regarding the scope of international antitrust conspiracies.

More recently, Mr. Simon completed the trial seeking injunctive relief in the *In re National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litigation.* The plaintiffs allege that the NCAA and its member conferences violate the antitrust laws by restricting the value of grant-in-aid athletic scholarships and other benefits that college football and basketball players can receive.

**Current Cases**:
- *In re Broiler Chicken Antitrust Litigation* (N.D. Ill.)
- *In re Keurig Green Mountain Single-Serving Coffee Antitrust Litigation* (S.D.N.Y.)
- *In re National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litigation* (N.D. Cal.)
- *In re Pork Antitrust Litigation* (D. Minn.)
- *Senne, et al. v. Office of the Commissioner of Baseball, et al.* (N.D. Cal.)
- *North American Soccer League, LLC v. United States Soccer Federation, Inc., and Major League Soccer, L.L.C.* (E.D.N.Y.)

**Reported Cases**:
- *Minn-Chem, Inc. et al. v. Agrium Inc., et al.*, 683 F.3d 845 (7th Cir. 2012)
- *In re National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litigation*, 594 U.S. ___ (2021).

**Education:**
- University of California, Hastings College of the Law, San Francisco, California – J.D. – 1980
- University of California, Berkeley, California – A.B. – 1977

PEARSON, SIMON & WARSHAW, LLP

**Bar Admissions:**
- California
- Supreme Court of the United States
- Ninth Circuit Court of Appeals
- Seventh Circuit Court of Appeals
- U.S. District Court, Central District of California
- U.S. District Court, Eastern District of California
- U.S. District Court, Northern District of California
- U.S. District Court, Southern District of California

**Recent Publications:**
- Class Certification Procedure, Ch. V, ABA Antitrust Class Actions Handbook (3d ed.), (forthcoming)
- Reverse Engineering Your Antitrust Case: Plan for Trial Even Before You File Your Case, Antitrust, Vol. 28, No. 2, Spring 2014
- *The Ownership/Control Exception to Illinois Brick in Hi-Tech Component Cases: A Rule That Recognizes the Realities of Corporate Price Fixing*, ABA International Cartel Workshop February 2014
- *Matthew Bender Practice Guide: California Unfair Competition and Business Torts*, LexisNexis, with Justice Conrad L. Rushing and Judge Elia Weinbach (Updated 2013)
- *The Questionable Use of Rule 11 Motions to Limit Discovery and Eliminate Allegations in Civil Antitrust Complaints in the United States*, ABA International Cartel Workshop February 2012

**Professional Associations and Memberships:**
- California State Bar Antitrust and Unfair Competition Section, Advisor and Past Chair
- ABA Global Private Litigation Committee, Co-Chair
- ABA International Cartel Workshop, Steering Committee
- American Association for Justice, Business Torts Section, Past Chair
- Business Torts Section of the American Trial Lawyers Association, Past Chair
- Hastings College of the Law, Board of Directors (2003-2015), Past Chair (2009-2011)

### DANIEL L. WARSHAW

Daniel L. Warshaw is a civil litigator and trial lawyer who focuses on complex litigation, class actions, and consumer protection. Mr. Warshaw has held leadership roles in numerous state, federal and multidistrict class actions, and obtained significant recoveries for class members in many cases. These cases have included, among other things, antitrust violations, high-technology products, automotive parts, entertainment royalties, intellectual property and false and misleading advertising. Mr. Warshaw has also represented employees in a variety of class actions, including wage and hour, misclassification and other Labor Code violations.

PEARSON, SIMON & WARSHAW, LLP

Mr. Warshaw played an integral role in several of the firm's groundbreaking cases. In the *In re TFT-LCD (Flat Panel) Antitrust Litigation*, he assisted in leading this multidistrict to trial and securing $473 million in recoveries to the direct purchaser plaintiff class. After the firm was appointed as interim co-lead counsel in *In re Credit Default Swaps Antitrust Litigation*, Mr. Warshaw along with his partners and co-counsel successfully secured a $1.86 *billion* settlement on behalf of the class.

Currently he serves in a lead or co-lead position in the following cases: *Grace v. Apple, Inc.*, 5:17-CV-00551-YGR (N.D. Cal.), a certified class action on behalf of consumers who allege that Apple intentionally broke its "FaceTime" video conferencing feature for iPhones with older operating systems that recently settled for $18 million on behalf of a California class; *In re KIND LLC "Healthy and All Natural" Litigation*, MDL No. 2645, (S.D.N.Y.), a multistate certified class action on behalf of consumers who allege that they purchased KIND snack bars that were falsely advertised as "all natural," and/or "non-GMO"; *Seene v. The Office of the Commissioner of Baseball*, 3:14-cv-00608-JCS (N.D. Cal.), a certified multistate class action alleging that Major League Baseball and its teams violate state and federal wage and hour laws relating to minor league players.

Mr. Warshaw's cases have received significant attention in the press, and Mr. Warshaw has been profiled by the *Daily Journal* for his work in the digital download music cases. In 2019 and 2020, Mr. Warshaw was named as one of the Daily Journal's Top Plaintiff Lawyers. And in 2020 he was also named one of the Daily Journal's Top Antitrust Lawyers. Additionally, Mr. Warshaw has been selected by his peers as a Super Lawyer (representing the top 5% of practicing lawyers in Southern California) every year since 2005. He has also attained Martindale-Hubbell's highest rating (AV) for legal ability and ethical standards.

Mr. Warshaw has assisted in the preparation of two Rutter Group practice guides: *Federal Civil Trials & Evidence* and *Civil Claims and Defenses*. Mr. Warshaw is the founder and Chair of the Class Action Roundtable. The purpose of the Roundtable is to facilitate a high-level exchange of ideas and in-depth dialogue on class action litigation.

**Current Cases:**

- *Grace v. Apple, Inc.* (N.D. Cal.)
- *In Re: Keurig Green Mountain Single-Serve Coffee Antitrust Litigation* (S.D.N.Y.)
- *Greg Kihn, et al. v. Bill Graham Archives, LLC, et al.* (N.D. Cal.)
- *In re KIND LLC "Healthy and All Natural" Litigation* (S.D.N.Y.)
- *In re Pork Antitrust Litigation* (D. Minn.)
- *In re. Santa Fe Natural Tobacco Company Marketing, Sales Practices, and Products Liability Litigation* (D. N.M.)
- *Senne, et al. v. Office of the Commissioner of Baseball, et al.* (N.D. Cal.)

PEARSON, SIMON & WARSHAW, LLP

**Education:**
- Whittier Law School, Los Angeles, California – J.D. – 1996
- University of Southern California – B.A. – 1992

**Bar Admissions:**
- California
- Ninth Circuit Court of Appeals
- U.S. District Court, Central District of California
- U.S. District Court, Eastern District of California
- U.S. District Court, Northern District of California
- U.S. District Court, Southern District of California
- U.S. District Court, Western District of Texas

**Professional Associations and Memberships:**
- American Bar Association
- Association of Business Trial Lawyers, Board Member
- Consumer Attorneys of California
- Los Angeles County Bar Association, Complex Court Committee, Member
- Plaintiffs' Class Action Roundtable, Chair

### BOBBY POUYA

Bobby Pouya is a partner in the firm's Los Angeles office, focusing on complex litigation, class actions, and consumer protection. Mr. Pouya has been an attorney with Pearson, Simon & Warshaw, LLP since 2007, and has extensive experience in representing clients in a variety of contexts. He has served as a primary member of the litigation team in multiple cases that resulted in class certification or a class-wide settlement, including cases that involved high-technology products, price fixing, consumer safety and false and misleading advertising. The cases that Mr. Pouya has worked on have resulted in hundreds of millions of dollars in judgments and settlements on behalf of effected plaintiffs and class members.

Mr. Pouya has served as one of the attorneys representing direct purchaser plaintiffs in several complex antitrust cases, including *In re Polyurethane Foam Antitrust Litigation* (N.D. Ohio) and *In re Fresh and Processed Potatoes Antitrust Litigation* (D. Idaho). Mr. Pouya is currently actively involved in the prosecution of *In re Broiler Chicken Antitrust Litigation* (N.D. Ill), *In re Pork Antitrust Litigation* (D. Minn.), *Senne, et al. v. Office of the Commissioner of Baseball, et al.* (N.D. Cal.), as well as several prominent consumer class action lawsuits.

Mr. Pouya's success has earned him recognition by his peers as a Super Lawyers Rising Star (representing the top 2.5% of lawyers in Southern California age 40 or younger or in practice for 10 years or less) every year since 2008. Mr. Pouya earned his Juris Doctorate from Pepperdine University School of Law in 2006, where he received a certificate in dispute resolution from the

PEARSON, SIMON & WARSHAW, LLP

prestigious Straus Institute for Dispute Resolution and participated on the interschool trial and mediation advocacy teams, the Dispute Resolution Law Journal and the Moot Court Board.

**Current Cases:**
- *In re Broiler Chicken Antitrust Litigation* (N.D. Ill)
- *In re Pork Antitrust Litigation* (D. Minn.)
- *In re Cattle Antitrust Litigation* (D. Minn.)
- *Senne, et al. v. Office of the Commissioner of Baseball, et al.* (N.D. Cal.)
- *Greg Kihn, et al. v. Bill Graham Archives, LLC, et al.* (N.D. Cal.)

**Education:**
- Pepperdine University School of Law, Malibu, California – J.D. – 2006
- University of California, Santa Barbara, California – B.A., with honors – 2003

**Publications:**
- *Should Offers Moot Claims?*, Daily Journal, Oct. 10, 2014
- *Central District Local Rules Hinder Class Certification*, Daily Journal, April 9, 2013

**Bar Admissions:**
- California
- Ninth Circuit Court of Appeals
- U.S. District Court, Central District of California
- U.S. District Court, Eastern District of California
- U.S. District Court, Northern District of California
- U.S. District Court, Southern District of California

**Professional Associations and Memberships:**
- American Bar Association
- Consumer Attorneys Association of Los Angeles
- Consumer Attorneys of California
- Los Angeles County Bar Association

**Professional Associations and Memberships:**
- California State Bar Antitrust and Unfair Competition Section, Advisor and Past Chair
- ABA Global Private Litigation Committee, Co-Chair
- ABA International Cartel Workshop, Steering Committee
- American Association for Justice, Business Torts Section, Past Chair
- Business Torts Section of the American Trial Lawyers Association, Past Chair
- Hastings College of the Law, Board of Directors (2003-2015), Past Chair (2009-2011)

PEARSON, SIMON & WARSHAW, LLP

## MELISSA S. WEINER

Melissa S. Weiner is a partner and civil litigator whose work is squarely focused on combating consumer deception. Her experience is expansive, including class actions related to consumer protection, product defect, intellectual property, automotive, false advertising and the Fair Credit Reporting Act. Ms. Weiner has taken a leadership role in numerous large class actions and MDLs in cases across the country.

A contributor to her professional community, Ms. Weiner serves on the Executive Board for Public Justice as the Co-Vice Chair of the Development Committee, former co-chair of the Mass Tort and Class Action Practice Group for the Minnesota Chapter of the Federal Bar Association and serves on the Minnesota Bar Association Food & Drug Law Council. In recognition of her outstanding efforts in the legal community, each year since 2012, Ms. Weiner has been named a Super Lawyers *Rising Star* by Minnesota Law & Politics.

Ms. Weiner has been appointed to leadership positions in the following MDLs and consolidated cases:

- *In Re: Luxottica of America, Inc. Data Security Breach Litigation* (S.D. Ohio) (Appointed Interim Executive Committee Member);
- *Culbertson v. Deloitte Consulting LLP* (S.D.N.Y.) (Appointed to Plaintiffs' Executive Committee), a nationwide data breach class action
- *In Re: Fairlife Milk Products Marketing and Sales Practices Litigation* (N.D. Ill.) (Appointed Interim Co-Lead Counsel);
- *In Re: Deva Concepts Products Liability Litigation* (S.D.N.Y.) (Appointed Interim Co-Lead Counsel);
- *In Re Santa Fe Natural Tobacco Company Marketing & Sales Practices and Products Liability Litigation* (D.N.M.) (chair of the Plaintiffs' Steering Committee and member of the Plaintiffs' Oversight Committee);
- *In Re Samsung Top-Load Washing Machine Marketing, Sales Practices & Product Liability Litigation* (W.D. Okla.), (appointed to Plaintiffs' Executive Committee), a nationwide class action regarding a design defect in 2.8 million top loading washing machines, which resulted in a nationwide settlement;
- *In Re Windsor Wood Clad Window Product Liability Litigation* (E.D. Wis.), a nationwide class action regarding allegedly defective windows, which resulted in a nationwide settlement.
- *In Re: Blackbaud, Inc. Customer Data Security Breach Litigation* (D.S.C.), nationwide data breach class action, (appointed to Plaintiffs' Steering Committee).

**Current Cases:**
- *Aguilera v. NuWave, LLC* (N.D. Ill.) (product defect and false advertising)
- *Anurag Gupta v. Aeries Software, Inc.* (C.D. CA) (data breach)
- *Ashour v. Arizona Beverages USA LLC et al.* (S.D. NY) (false advertising/mislabeling)
- *Benson et al v. Newell Brands Inc., et al.* (N.D. IL) (false advertising/mislabeling)

Pearson, Simon & Warshaw, LLP

- *Connor Burns v. Mammoth Media, Inc.* (C.D. CA) (data breach)
- *Culbertson v. Deloitte Consulting LLP* (S.D.N.Y.) (data breach)
- *Daniels v. Delta Air Lines, Inc.* (N.D. Ga.). (COVID-19 pandemic relief)
- *In Re: Deva Concepts Products Liability Litigation* (S.D.N.Y.) (false advertising/mislabeling)
- *In Re Fairlife Milk Products Marketing and Sales Practices Litigation* (N.D. IL) (false advertising)
- *Ford v. [24]7.AI, Inc.* (N.D. Cal.) (data breach)
- *In Re Pork Antitrust Litigation* (D. Minn.)
- *In Re Samsung Top-Load Washing Machine Marketing, Sales Practices, and Products Liability Litigation* (W.D. Okla.)
- *In Re Santa Fe Natural Tobacco Company Marketing, Sales Practices, and Products Liability Litigation* (D. N.M.) (false advertising/mislabeling)
- *Wedra v. Cree, Inc.* (S.D.N.Y)

**Education:**
- William Mitchell College of Law - J.D. – 2007
- University of Michigan – Ann Arbor - B.A. – 2004

**Bar Admissions:**
- New York
- Minnesota
- Ninth Circuit Court of Appeals
- U.S. District Court, District of Minnesota
- U.S. District Court, Colorado
- U.S. District Court, Northern District of Illinois
- U.S. District Court, Southern District of New York
- U.S. District Court, Eastern District of New York

**Professional Associations and Memberships:**
- Minnesota State Bar Association
- Federal Bar Association
- Public Justice

**MICHAEL H. PEARSON**

Michael H. Pearson is a Partner and civil litigator in the firm's Los Angeles office, focusing on complex litigation, class actions, and consumer protection. Mr. Pearson has extensive experience in representing clients in a variety of contexts. He has served as a member of the litigation team in multiple cases that resulted in class certification or a class-wide settlement, including cases that involved antitrust, business litigation, complex financial products, high-technology products, consumer safety, and false and misleading advertising. Specifically, he was instrumental in managing the review of tens of millions of documents and drafting pleadings in *In*

PEARSON, SIMON & WARSHAW, LLP

*Re Credit Default Swaps Antitrust Litigation*, which was settled for $1.86 billion, plus injunctive relief.

Mr. Pearson received his Bachelor of Science degree from Tulane University in 2008, majoring in Finance with an Energy Specialization. He received his Juris Doctorate from Loyola Law School Los Angeles in 2011. Mr. Pearson is an active member in a number of legal organizations, including the American, Los Angeles County and San Fernando Valley Bar Associations, Consumer Attorneys of California, the Consumer Attorneys Association of Los Angeles and the Association of Business Trial Lawyers.

Mr. Pearson's success has earned him recognition by his peers as a Super Lawyers Rising Star (representing the top 2.5% of lawyers in Southern California age 40 or younger or in practice for 10 years or less) in 2017, 2018, 2019, and 2020.

**Current Cases**:
- *City of Oakland v. The Oakland Raiders, et al.* (N.D. Cal.)
- *In re Broiler Chicken Antitrust Litigation* (N.D. Ill.)
- *In re Pork Antitrust Litigation* (D. Minn.)
- *Senne, et al. v. Office of the Commissioner of Baseball, et al.* (N.D. Cal.)

**Education**:
- Loyola Law School Los Angeles, Los Angeles, California – J.D. – 2011
- Tulane University, New Orleans, Louisiana – B.S., *magna cum laude* – 2008

**Bar Admissions**:
- California
- Ninth Circuit Court of Appeals
- U.S. District Court, Central District of California
- U.S. District Court, Eastern District of California
- U.S. District Court, Northern District of California
- U.S. District Court, Southern District of California

**Professional Associations and Memberships:**
- American Bar Association
- Association of Business Trial Lawyers
- Consumer Attorneys Association of Los Angeles
- Consumer Attorneys of California
- Los Angeles County Bar Association
- San Fernando Valley Bar Association

PEARSON, SIMON & WARSHAW, LLP

### BENJAMIN E. SHIFTAN

Benjamin E. Shiftan is a Partner and litigator in the firm's San Francisco office. Since joining the firm in 2014, Mr. Shiftan has focused on complex class action litigation, including antitrust, product defect, and consumer protection cases.

Prior to joining the firm, Mr. Shiftan litigated complex bad faith insurance cases for a national law firm. Before that, Mr. Shiftan served as a law clerk to the Honorable Peter G. Sheridan, United States District Court for the District of New Jersey, and worked for a mid-sized firm in San Diego.

Mr. Shiftan graduated from the University of San Diego School of Law in 2009. While in law school, he served as Lead Articles Editor of the San Diego International Law Journal and competed as a National Team Member on the Moot Court Board. Mr. Shiftan won the school's Paul A. McLennon, Sr. Honors Moot Court Competition. At graduation, he was one of ten students inducted into the Order of the Barristers. Mr. Shiftan graduated from the University of Virginia in 2006.

**Current Cases**:
- *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation* (S.D.N.Y.)
- *In re National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litigation* (N.D. Cal.)
- *Senne, et al. v. Office of the Commissioner of Baseball, et al.* (N.D. Cal.)
- *North American Soccer League, LLC v. United States Soccer Federation, Inc., and Major League Soccer, L.L.C.* (E.D.N.Y.)

**Education**:
- University of San Diego School of Law, San Diego, CA – J.D. – 2009
- University of Virginia, Charlottesville, VA – B.A. – 2006

**Bar Admissions**:
- California
- Ninth Circuit Court of Appeals
- U.S. District Court, Central District of California
- U.S. District Court, Eastern District of California
- U.S. District Court, Northern District of California
- U.S. District Court, Southern District of California

**Professional Associations and Memberships:**
- San Francisco County Bar Association

PEARSON, SIMON & WARSHAW, LLP

## TRIAL COUNSEL

### THOMAS J. NOLAN

Thomas J. Nolan is Trial Counsel (Of Counsel) in the Sherman Oaks office of Pearson, Simon & Warshaw, LLP.

Mr. Nolan is widely recognized as one of the nation's leading trial attorneys, and has extensive civil and criminal trial experience representing corporations and individuals in complex litigation in state and federal courts.

Mr. Nolan is a former federal prosecutor and served as Chief of Fraud and Special Prosecutions in the Los Angeles United States Attorney's Office. He has been a member of the defense bar since 1979.

Mr. Nolan has represented both corporate plaintiffs and defendants across a wide range of complex civil litigation matters including class actions; a wide variety of contract disputes, including a three-month jury trial against 63 insurance carriers; unfair business practices and consumer fraud; as well as antitrust and intellectual property issues. Mr. Nolan is also recognized as a leading lawyer for "first of their kind" trials. His diverse experience was cited by media reports on his arrival at Latham, such as this *Bloomberg-BNA Law* article.

Mr. Nolan has represented corporations and individuals in criminal DOJ prosecutions and SEC enforcement matters and in internal investigations involving FCPA allegations, securities fraud, money laundering, RICO, healthcare fraud, and insider trading violations.

He leverages extensive trial experience including winning jury verdicts of more than $1 billion for his clients and defeating claims exceeding $15 billion asserted against clients.

**Notable Cases:**
- Lead trial counsel for CashCall in defeating more than $275 million in restitution and monetary claims sought by the CFPB.
- Served as lead trial counsel representing UBS Real Estate Securities Inc. in a closely watched three-week bench trial conducted in the US District Court, Southern District of New York.*
- Served as lead trial counsel representing the home mortgage division of a major bank against class action claims of racial discrimination in mortgage lending*
- Defended Peter Morton in securing a unanimous jury verdict awarding zero damages in a case alleging fraud, breach of fiduciary duty and invasion of privacy*
- Represented the founders of Skype Technologies S.A., with a consortium of private equity and venture capital firms led by Silver Lake, in the $2.8 billion acquisition of Skype from eBay Inc.*

PEARSON, SIMON & WARSHAW, LLP

- Represented Tyco International Ltd. in a litigation in the US District Court for the Southern District of New York brought by holders of $2.7 billion of notes issued by Tyco.*
- Served as lead trial counsel representing the consortium of underwriters of WorldCom Securities in securing a settlement on the eve of jury selection in one of the largest securities class action cases in history.*
- Represented Litton Industries in a high-profile monopoly antitrust lawsuit against Honeywell, Inc. in the US District Court for the Central District of California.*

*Represents experience from previous law firms.*

**Accolades:**
Mr. Nolan has served in numerous honorary positions and received numerous accolades over his extensive career, including:

- American College of Trial Lawyers – Fellow
- International Academy of Trial Lawyers – Fellow
- Loyola Marymount University – Board of Regents
- Loyola University School of Law at Los Angeles – Board of Directors
- Loyola University School of Law at Los Angeles – Champion of Justice Award
- Beverly Hills Bar Association – Excellence in Advocacy Award
- Association of Business Trial Lawyers – frequent lecturer
- Federal Bar Association – frequent lecturer
- California Bar Association – *Pro Bono* Lawyer of the Year
- *The Am Law Litigation Daily* – Litigator of the Week

Mr. Nolan has been selected for inclusion in *Chambers Global: The World's Leading Lawyers for Business*, and he is one of only 23 attorneys listed in the top tier of national trial attorneys by *Chambers USA: America's Leading Lawyers for Business*, which also ranks him in its top tier for general commercial litigation. In addition, Mr. Nolan has been profiled for 12 different years as one of the Top 100 most influential lawyers in California and as one of the Top 30 Securities Litigators in California by the *Daily Journal*. He was named Best Lawyers' 2015 Los Angeles Bet-the-Company Litigation Lawyer of the Year.

**Education:**
- Loyola Law School – Los Angeles, California – J.D. – 1975
- Loyola Marymount University – Los Angeles, California – B.B.A. – 971

**Bar Admissions:**
- California
- Supreme Court of the United States
- Ninth Circuit Court of Appeals
- U.S. District Court, Central District of California
- U.S. District Court, Eastern District of California

PEARSON, SIMON & WARSHAW, LLP

- U.S. District Court, Northern District of California
- U.S. District Court, Southern District of California
- U.S. District Court, Southern District of New York

## OF COUNSEL

### NEIL SWARTZBERG

Neil Swartzberg, Of Counsel to Pearson, Simon & Warshaw, LLP, has significant litigation and counseling experience, with a track record of providing advice and representation to individuals and companies on a variety of technology, consumer and finance related matters. He has expertise in complex and commercial litigation, including in the intellectual property, consumer protection, antitrust, securities and class action context. Practicing in both federal and state courts, he has litigated price-fixing class actions, securities fraud suits and other consumer protection cases, as well as patent infringement, trade secret misappropriation and related intellectual property matters. Mr. Swartzberg also has experience negotiating licenses and similar agreements to resolve disputes in technology areas such the Internet, online banking, and telecommunications.

Mr. Swartzberg was a leading attorney in the Direct Purchaser Plaintiff class action *In re Static Random Access Memory (SRAM) Antitrust Litigation* (N.D. Cal.). He was also actively involved in several other antitrust class actions, such as *In re International Air Transportation Surcharge Antitrust Litigation* (N.D. Cal.), *Air Cargo Shipping Services Antitrust Litigation* (E.D.N.Y.), *In re Cathode Ray Tube (CRT) Antitrust Litigation* (N.D. Cal.), and *In re Optical Disk Drive (ODD) Antitrust Litigation* (N.D. Cal.). He has represented patent owners and companies in infringement cases for patents covering video game controllers, Internet search functionality, secure mobile banking transactions, and telecommunications switches.

**Current Cases:**
- *In re Broiler Chicken Antitrust Litigation* (N.D. Ill.)
- *In re Pork Antitrust Litigation* (D. Minn.)
- *In re: Santa Fe Natural Tobacco Company Marketing, Sales Practices, and Products Liability Litigation* (D.N.M.)
- *North American Soccer League, LLC v. United States Soccer Federation, Inc., and Major League Soccer, L.L.C.* (E.D.N.Y.)

**Education:**
- University of California, Davis, School of Law, Davis, California – J.D. – 2001
- State University of New York, Buffalo, Buffalo, New York – M.A. – 1994
- Duke University, Durham, North Carolina – A.B. – 1991

**Bar Admissions:**
- California
- Ninth Circuit Court of Appeals

PEARSON, SIMON & WARSHAW, LLP

- Federal Circuit Court of Appeals
- U.S. District Court, Central District of California
- U.S. District Court, Eastern District of California
- U.S. District Court, Eastern District of Missouri
- U.S. District Court, Western District of Pennsylvania

**Publications and Presentations:**
- *American Bar Association, Section of Antitrust Law, 2020 Spring Conference,* Presentation, Judge Jon S. Tigar: *In re Cathode Ray Tube (CRT) Antitrust Litig.*
- *American Bar Association, Section of Antitrust Law, 2019 Spring Conference,* Presentation, Bruce Simon: *Challenges & Recent Developments in Class Certification: From the Plaintiffs' Perspective* (with Eric Mont)
- *The Hard Cell, Mobile banking and the Federal Circuit's "divided infringement" decisions,* Feb. 2013, Intellectual Property magazine, with Robert D. Becker.

**Professional Associations and Memberships:**
- American Bar Association

**Languages:**
- German (proficient)

## ASSOCIATES

### NAVEED ABAIE

Naveed Abaie is an associate in the firm's Los Angeles office focusing on consumer protection, antitrust, and business litigation.

He graduated from the University of San Diego, School of Law in 2017. While at the University of San Diego, Mr. Abaie earned his J.D. with a concentration in Business and Corporate Law. Mr. Abaie received his Bachelor's degree from the University of California, Berkeley Haas School of Business in 2012.

**Current Cases:**
- *In re Broiler Chicken Antitrust Litigation* (N.D. Ill)
- *In re Pork Antitrust Litigation* (D. Minn.)

**Education:**
- University of San Diego, California – J.D. – 2017
- University of California, Berkeley, California – B.A.– 2012

**Bar Admissions:**
- California

PEARSON, SIMON & WARSHAW, LLP

**Professional Associations and Memberships:**
- Iranian American Bar Association

### MATTHEW A. PEARSON

Matthew A. Pearson is an associate in the firm's Los Angeles office focusing on antitrust, consumer protection, copyright, and business litigation. Mr. Pearson has represented clients in a variety of different matters and works closely with clients, co-counsel, and opposing counsel on all aspects of litigation.

In 2019, Mr. Pearson received the award for Outstanding Antitrust Litigation Achievement in Private Law Practice by the American Antitrust Institute for his work in the *In re National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litigation* (N.D. Cal.) trial, which took place in September of 2018 and resulted in a verdict in Plaintiffs' favor. Additionally, in 2019, Mr. Pearson was selected by his peers as a Super Lawyer (representing the top 5% of practicing lawyers in Southern California).

Mr. Pearson received his Bachelor of Science degree from the University of Arizona in 2010, majoring in Business Management. He received his Juris Doctorate from Whittier Law School in 2013. Mr. Pearson is an active member in a number of legal organizations, including the American Bar Association, American Association for Justice, Association of Business Trial Lawyers, Consumer Attorneys Association of Los Angeles, Consumer Attorneys of California, and the Los Angeles County Bar Association.

**Current Cases:**
- *In re Pork Antitrust Litigation* (D. Minn.)
- *Grace v. Apple, Inc. (N.D. Cal.)*
- *In re Keurig Green Mountain Single-Serving Coffee Antitrust Litigation (S.D.N.Y.)*
- *Greg Kihn, et al. v. Bill Graham Archives, LLC, et al. (N.D. Cal.)*
- *In re KIND LLC "Healthy and All Natural" Litigation* (S.D.N.Y.)
- *In re National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litigation* (N.D. Cal.)
- *North American Soccer League, LLC v. United States Soccer Federation, Inc., and Major League Soccer, L.L.C. (E.D.N.Y.)*
- *In Re Cattle Antitrust Litigation* (D. Minn.)

**Education:**
- Whittier Law School, California – J.D. – 2013
- University of Arizona: Eller College of Management – B.S.– 2010

**Bar Admissions:**
- California

PEARSON, SIMON & WARSHAW, LLP

- Ninth Circuit Court of Appeals
- U.S. District Court, Central District of California
- U.S. District Court, Eastern District of California
- U.S. District Court, Northern District of California
- *U.S. District* Court, Southern District of California

**Professional Associations and Memberships:**
- American Bar Association
- American Association for Justice
- Association of Business Trial Lawyers
- Consumer Attorneys Association of Los Angeles
- Consumer Attorneys of California
- *Los Angeles* County Bar Association

## HARRISON C. MARGOLIN

Harrison C. Margolin is an associate in the firm's Los Angeles office focusing on antitrust, class action and commercial litigation.

He graduated from the UCLA School of Law in 2020. While at UCLA, Harrison was an Advanced Trial Advocacy pupil in the A. Barry Capello Trial Advocacy series and focused on courses in Complex Litigation. He is a law review article author on topics in tort law, complex litigation and emerging technology.

Before law school, Harrison earned his B.A. in Economics at the University of California, Berkeley, where he graduated with Honors of Highest Distinction.

**Current Cases:**
- *In re Pork Producers Antitrust Litigation*

**Education:**
- University of California, Los Angeles – J.D. – 2020
- University of California, Berkeley, California – B.A., Economics; *Highest Distinction* – 2017.

**Bar Admissions:**
- California (provisional licenses)

## DANIEL K. ASIEDU

Daniel K. Asiedu is an associate in the firm's Minneapolis office focusing on consumer class action and data breach cases.

PEARSON, SIMON & WARSHAW, LLP

Mr. Asiedu graduated from Mitchell Hamline School of Law in 2017. While in law school, Mr. Asiedu competed in the Rosalie Wahl Moot Court competition and was a judicial extern in the Second Judicial District of Minnesota for the Honorable Jennifer L. Frisch, who is now of the Minnesota Court of Appeals. After law school, Mr. Asiedu served as a law clerk to the Honorable Robert J. Rupp, District Court Judge, Seventh Judicial District of Minnesota.

Mr. Asiedu received his B.A. in Justice Studies from Rhode Island College in 2010 and a Master's degree in Global Studies and International Affairs from Northeastern University in 2012.

**Education:**
- Mitchell Hamline School of Law – J.D. – 2017
- Northeastern University – M.S. – 2012
- Rhode Island College – B.A. – 2010

**Bar Admission:**
- Minnesota
- U.S. District Court, District of Minnesota

**Professional Association and Membership:**
- Minnesota State Bar Association
- Hennepin County Bar Association
- Minnesota Black Lawyers Association

### Y. CHRISTOPHER NAGAKAWA

Y. Christopher Nagakawa is an associate in the firm's Sherman Oaks office focusing on antitrust consumer class action cases.

Mr. Nagakawa graduated from Pepperdine University School of Law in 1999. After law school, he served as a Deputy Attorney General of the California Department of Justice, Office of the Attorney General, for seven and a half years. He lateraled to the Santa Monica City Attorney's Office, where he served as a Deputy City Attorney for over 12 years. He took a break from trial and appellate practice to work as an Ambulance Operator/EMT with the Glendale Fire Department and Firefighter with the Ventura County Fire Department.

Mr. Nagakawa received his B.A. in Political Science from the University of California at Riverside in 1996.

**Education:**
- Pepperdine University School of Law – J.D. and Certificate in ADR – 1999
- University of California at Riverside – B.A. – 1996

**Bar Admissions**:
- California

PEARSON, SIMON & WARSHAW, LLP

- Ninth Circuit Court of Appeals
- U.S. District Court, Central District of California
- U.S. District Court, Northern District of California

## BRIAN S. PAFUNDI

Brian S. Pafundi is an associate in the firm's Minneapolis office focusing on antitrust and consumer class actions.

Mr. Pafundi graduated from University of Florida Levin College of Law in 2010. After law school he worked as an Assistant Public Defender for the State of Minnesota where he handled a full and diverse caseload including felony trials.

Mr. Pafundi received his B.A. in Political Science in 2005 and a Master of Arts degree in Mass Communications in 2009, both from the University of Florida.

**Education:**
- University of Florida Levin College of Law – J.D. – 2010
- University of Florida College of Journalism and Communications – M.A. – 2009
- University of Florida College of Liberal Arts and Science – B.A. – 2005

**Bar Admission:**
- Minnesota

# EXHIBIT 2

| Jurisdiction | Private Right of Action Allowed | MISREPRESENTATIONS | | |
|---|---|---|---|---|
| | | Does a Plaintiff Need to Prove Reliance? | Is the Reasonable Consumer Standard Used in Determining Whether a Practice or Statement is Deceptive and if the Misrepresentation is Material? | Is a Showing of Intent or Scienter Required? |
| Illinois | Yes | No | Yes | No |
| California | Yes | Yes, but only for the named plaintiff. | Yes | No |
| Florida | Yes | No | Yes | No |
| Massachusetts | Yes | No | Yes | No |
| Michigan | Yes | No | Yes | No |
| Minnesota | Yes | No | Yes | No |
| Missouri | Yes | No | Yes | No |
| New Jersey | Yes | No | Yes | No |
| New York | Yes | No | Yes | No |
| Washington | Yes | No | Yes | No |

| Jurisdiction and Legal Authority | Private Right of Action | MISREPRESENTATIONS | | | Statute of Limitations & Discovery Rule | What Remedies Are Available? |
|---|---|---|---|---|---|---|
| | | Does a Plaintiff Need to Prove Reliance? | Is the Reasonable Consumer Standard Used in Determining Whether a Practice or Statement is Deceptive and if the Misrepresentation is Material? | Is a Showing of Intent or Scienter Required? | | |
| **Illinois**<br><br>*Consumer Fraud and Deceptive Business Practices Act*<br><br>815 Ill. Comp. Stat. §§ 505/1, *et seq.* | **Private right of action allowed.**<br><br>815 Ill. Comp. Stat. Ann. § 505/10a. | No.<br><br>Reliance is not required.<br><br>*Connick v. Suzuki Motor Co., Ltd.*, 675 N.E.2d 584, 593 (Ill. 1996). | Yes.<br><br>"Courts apply a 'reasonable consumer' standard to analyze the likelihood of deception."<br><br>*Benson v. Fannie May Confection Brands, Inc.*, 944 F.3d 639 (7th Cir. 2019).<br><br>"A material fact exists where a buyer would have acted differently knowing the information, or if it concerned the type of information upon which a buyer would be expected to rely in making a decision whether to purchase."<br><br>*Connick v. Suzuki Motor Co., Ltd.*, 675 N.E.2d 584, 595 (Ill. 1996). | No.<br><br>"[The] ICFA does not require a showing of the defendant's intent to *deceive*; it requires a showing only of the defendant's intent that the plaintiff rely on the deceptive at or statement."<br><br>*Saccameno v. Ocwen Loan Servicing, LLC*, 372 F. Supp. 3d 609, 629 (N.D. Ill. 2019). | **3 years from accrual of action.**<br><br>815 Ill. Comp. Stat. § 505/10a(e). | **Actual damages and injunctive relief.**<br><br>815 Ill. Comp. Stat. Ann. § 505/10a; *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 D.3d 732, 740 (7th Cir. 2014); *Kim v. Carter's Inc.*, 598 F.3d 362, 365 (7th Cir. 2010). |

| Jurisdiction and Legal Authority | Private Right of Action | MISREPRESENTATIONS | | | Statute of Limitations & Discovery Rule | What Remedies Are Available? |
|---|---|---|---|---|---|---|
| | | Does a Plaintiff Need to Prove Reliance? | Is the Reasonable Consumer Standard Used in Determining Whether a Practice is Deceptive and if the Misrepresentation is Material? | Is a Showing of Intent or Scienter Required? | | |
| **California**<br><br>*Unfair Competition Law*<br><br>Cal. Bus. & Prof. Code §§ 17200, *et seq.* | **Private right of action allowed.**<br><br>Cal. Bus. & Prof. Code § 17203. | **Yes, but only as to named plaintiff.**<br><br>*In re Tobaccco II Cases*, 207 P.3d 20, 40 (Cal. 2009); *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1020 (9th Cir. 2011).<br><br>An inference of reliance arises for the entire class where material misrepresentations are made to the class members.<br><br>*In re Toyota Motor Corp.*, 790 F. Supp. 2d 1152, 1168 (C.D. Cal. 2011); *In re Tobacco II Cases*, 207 P.3d 20, 39 (Cal. 2009). | **Yes.**<br><br>"Under the reasonable consumer standard, [plaintiffs] must 'show that 'members of the public are likely to be deceived.'"<br><br>*Williams v. Gerber Prod. Co.*, 552 F.3d 934, 938 (9th Cir. 2008).<br><br>"A misrepresentation is judged to be 'material' if 'a reasonable man would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question'...."<br><br>*Kwikset Corp. v. Super. Ct.*, 246 P.3d 877, 892 (Cal. 2011). | **No.**<br><br>The element of intent is inapplicable to the UCL.<br><br>*Paulus v. Bob Lynch Ford, Inc.*, 139 Cal. App. 4th 659, 678 (Cal. Ct. App. 2006). | **4 years from accrual of action.**<br><br>Cal. Bus. & Prof. Code § 17208. | **The UCL is equitable in nature, monetary relief available in the form of restitution.**<br><br>*Bank of the West v. Super. Ct.*, 833 P.2d 545 (Cal. 1992).<br><br>Attorneys' fees available for prevailing party conferring benefit on public.<br><br>Cal. Civ. Proc. Code § 1021.5. |

| Jurisdiction and Legal Authority | Private Right of Action | MISREPRESENTATIONS | | | Statute of Limitations & Discovery Rule | What Remedies Are Available? |
|---|---|---|---|---|---|---|
| | | Does a Plaintiff Need to Prove Reliance? | Is the Reasonable Consumer Standard Used in Determining Whether a Practice or Statement is Deceptive and if the Misrepresentation is Material? | Is a Showing of Intent or Scienter Required? | | |
| **Florida**<br><br>*Deceptive and Unfair Trade Practices Act*<br><br>Fla. Stat. §§ 501.201, *et seq.* | **Private right of action allowed.**<br><br>Fla. Stat. § 501.211. | **No.**<br><br>Reliance is not required.<br><br>*Carriulo v. Gen. Motors Co.*, 823 F.3d 977, 985 (11th Cir. 2016); *Cold Stone Creamery, Inc. v. Lenora Foods I, LLC*, 332 F. App'x. 565, 567 (11th Cir. 2009); *Gavron v. Weather Shield Mfg., Inc.* 819 F. Supp. 2d 1297, 1301 (S.D. Fla. 2011). | **Yes.**<br><br>"[A] plaintiff must simply prove that an objective reasonable person would have been deceived."<br><br>*Fitzpatrick v. Gen. Mills, Inc.*, 635 F.3d 1279, 1283 (11th Cir. 2011); *see Zlotnick v. Premier Sales Grp., Inc.*, 480 F.3d 1281 (11th Cir. 2007); *Millennium Comms. & Fulfillment Inc. v. Office of Attorney General*, 761 So.2d 1256, 1263 (Fla. Dist. Ct. App. 2000). | **No.**<br><br>A showing of intent or scienter is not required.<br><br>*PNR, Inc. v. Beacon Prop. Mgmt, Inc.*, 842 So.2d 773, 777 (Fla. 2003); *Dorestin v. Hollywood Imports, Inc.*, 45 So.3d 819 (Fla. Dist. Ct. App. 2010). | **4 years from accrual of action.**<br><br>Fla. Stat. § 95.11(3)(f). | **Actual damages plus attorneys' fees and costs; equitable relief.**<br><br>Fla. Stat. §§ 501.211. |

| Jurisdiction and Legal Authority | Private Right of Action | MISREPRESENTATIONS | | | Statute of Limitations & Discovery Rule | What Remedies Are Available? |
|---|---|---|---|---|---|---|
| | | Does a Plaintiff Need to Prove Reliance? | Is the Reasonable Consumer Standard Used in Determining Whether a Practice or Statement is Deceptive and if the Misrepresentation is Material? | Is a Showing of Intent or Scienter Required? | | |
| **Massachusetts**<br><br>*Consumer Protection Act*<br><br>Mass. Gen. Laws ch. 93A, §§ 1, *et seq.* | **Private right of action allowed.**<br><br>Mass. Gen. Laws ch. 93A, § 9(1). | **No.**<br><br>Reliance is not required.<br><br>Mass. Gen. Laws Ann. c. 93A § 9, 11; *Iannacchino v. Ford Motor Co.*, 888 N.E.2d 879, 886 n.12 (Mass. 2008). | **Yes.**<br><br>"[A]n advertisement is deceptive when it has the capacity to mislead consumers, acting reasonably under the circumstances, to act differently from the way they otherwise would have acted."<br><br>*Aspinall v. Philip Morris Companies, Inc.*, 813 N.E.2d 476, 488 (Mass. 2004)<br><br>"Causation can also be established by determining whether the nondisclosure was of a material fact. In the context of c. 93A claims based on nondisclosure, '[m]ateriality ... is in a sense a proxy for causation.'"<br><br>*Casavant v. Norwegian Cruise Line, Ltd.*, 919 N.E.2d 165, 169 (Mass. App. Ct. 2009). | **No.**<br><br>A false statement is actionable even without proof of actual intent to deceive.<br><br>*Graves v. R.M. Packer Co, Inc.*, 702 N.E.2d 21, 26 n.12 (Mass. App. Ct. 1997). | **4 years from accrual of action.**<br><br>Mass. Gen. Laws Ann. ch. 93A, § 5. | **Actual damages, including up to treble damages, plus attorneys' fees and costs.**<br><br>Mass. Gen. Laws Ann. ch. 93A, § 9. |

| Jurisdiction and Legal Authority | Private Right of Action | MISREPRESENTATIONS | | | Statute of Limitations & Discovery Rule | What Remedies Are Available? |
|---|---|---|---|---|---|---|
| | | Does a Plaintiff Need to Prove Reliance? | Is the Reasonable Consumer Standard Used in Determining Whether a Practice or Statement is Deceptive and if the Misrepresentation is Material? | Is a Showing of Intent or Scienter Required? | | |
| **Michigan**<br><br>*Consumer Protection Act*<br><br>Mich. Comp. Laws Ann. §§ 445.901, *et seq.* | **Private right of action allowed.**<br><br>Mich. Comp. Laws Ann. § 445.911. | No.<br><br>Member of a class action "need not individually prove reliance on the alleged misrepresentation," just show reasonable person would have relied.<br><br>*Dix v. Am. Bankers Life Assurance Co. of Fla.*, 415 N.W.2d 206, 209 (Mich. 1987); *see In re OnStar Contract Litig.*, 278 F.R.D. 352, 378 (E.D. Mich. 2011). | Yes.<br><br>Where plaintiffs or putative class members were exposed to the same or "substantially similar" misrepresentations, the "reasonable consumer standard" determines materiality and class-wide reliance.<br><br>*In re OnStar Contract Litig.*, 278 F.R.D. 352, 378 (E.D. Mich. 2011). | No.<br><br>Plaintiff need only show defendant's "intent to deceive through a pattern of misrepresentations."<br><br>Mich. Comp. Laws Ann. §445.911(6); *Dix v. Am. Bankers Life Assurance Co. of Fla.*, 415 N.W.2d 206, 209 (Mich. 1987). | **6 years from accrual of action.**<br><br>Mich. Comp. Laws Ann. § 445.911(9). | **Actual damages, punitive damages, attorneys' fees and costs, and injunctive and declaratory relief.**<br><br>Mich. Comp. Laws Ann. § 445.911. |

| Jurisdiction and Legal Authority | Private Right of Action | MISREPRESENTATIONS | | | Statute of Limitations & Discovery Rule | What Remedies Are Available? |
|---|---|---|---|---|---|---|
| | | Does a Plaintiff Need to Prove Reliance? | Is the Reasonable Consumer Standard Used in Determining Whether a Practice or Statement is Deceptive and/or if the Misrepresentation is Material? | Is a Showing of Intent or Scienter Required? | | |
| **Minnesota** *Consumer Fraud Act* Minn. Stat. §§ 325F.68, *et seq.* | **Private right of action allowed.** Minn. Stat. § 8.31, subd. 3a. | **No.** "Under the MCFA, a plaintiff need not prove traditional common law reliance." *Johannessohn v. Polaris Indus., Inc.*, 450 F. Supp. 3d 931, 951 (D. Minn. 2020). Plaintiff must show causal "legal nexus" between injuries and wrongful conduct, which need not include direct evidence of reliance. *Group Health Plan Inc. v. Philip Morris*, 621 N.W.2d 2, 13-14 (Minn. 2001). | **Yes.** *Group Health Plan Inc. v. Philip Morris*, 621 N.W.2d 2, 14 (Minn. 2001). | **No.** The MCFA does not require the making of an "intentional misrepresentation." *Johannessohn v. Polaris Indus., Inc.*, 450 F. Supp. 3d 931, 952 (D. Minn. 2020); *see Dahl v. R.J. Reynolds Tobacco Co.*, 742 N.W.2d 186, 197 (Minn. Ct. App. 2007). | **6 years from accrual of action.** Minn. Stat. §541.05(1)-(2); *Estate of Riedel v. Life Care Ret. Comtys., Inc.*, 505 N.W.2d 78, 83 (Minn. Ct. App. 1993). | **Actual damages, attorneys' fees and costs and equitable relief.** Minn. Stat. § 8.31, subd. 3a. |

| Jurisdiction and Legal Authority | Private Right of Action | MISREPRESENTATIONS | | | Statute of Limitations & Discovery Rule | What Remedies Are Available? |
|---|---|---|---|---|---|---|
| | | Does a Plaintiff Need to Prove Reliance? | Is the Reasonable Consumer Standard Used in Determining Whether a Practice or Statement is Deceptive and if the Misrepresentation is Material? | Is a Showing of Intent or Scienter Required? | | |
| **Missouri**<br><br>*Merchandising Practices Act*<br><br>Mo. Rev. Stat. §§ 407.010, *et seq.* | **Private right of action allowed.**<br><br>Mo. Ann. Stat. § 407.025. | **No.**<br><br>A consumer's reliance on an unlawful practice is not required.<br><br>*Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 774 (Mo. 2007); *Schuchmann v. Air Services Heating Air Conditioning, Inc.*, 199 S.W.3d 228, 232 (Mo. Ct. App. 2006). | **Yes.**<br><br>A "material fact" is "any fact which a reasonable consumer would likely consider to be important in making a purchase decision."<br><br>*Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 773 (Mo. 2007). | **No.**<br><br>Intent to induce reliance is not required.<br><br>*Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 774 (Mo. 2007); *Schuchmann v. Air Services Heating & Air Conditioning, Inc.*, 199 S.W.3d 228, 232 (Mo. Ct. App. 2006). | **5 years from accrual of action.**<br><br>Mo. Rev. Stat. § 516.120(2). | **Actual damages, punitive damages, attorneys' fees.**<br><br>Mo. Rev. Stat. § 407.025(1). |

| Jurisdiction and Legal Authority | Private Right of Action | MISREPRESENTATIONS | | | Statute of Limitations & Discovery Rule | What Remedies Are Available? |
|---|---|---|---|---|---|---|
| | | Does a Plaintiff Need to Prove Reliance? | Is the Reasonable Consumer Standard Used in Determining Whether a Practice or Statement is Deceptive and if the Misrepresentation is Material? | Is a Showing of Intent or Scienter Required? | | |
| **New Jersey**<br><br>*Consumer Fraud Act*<br><br>N.J. Stat. Ann. §§ 56:8-1, *et seq.* | **Private right of action allowed.**<br><br>N.J. Stat. Ann. § 56:8-19. | **No.**<br><br>Reliance is not required.<br><br>*Smajlaj v. Campbell Soup Co.*, 782 F. Supp. 2d 84, 98 n.9 (D.N.J. 2011). | **Yes.**<br><br>"The capacity to mislead is the prime ingredient of all types of consumer fraud."<br><br>*Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 462 (N.J. 1994).<br><br>"To constitute consumer fraud the business practice in question must be misleading and stand outside the norm of reasonable business practice in that it will victimize the average consumer."<br><br>*Smajlaj v. Campbell Soup Co.*, 782 F. Supp. 2d 84, 98 (D.N.J. 2011). | **No.**<br><br>"When the alleged consumer-fraud violation consists of an affirmative act, intent is not an essential element and the plaintiff need not prove that the defendant intended to commit an unlawful act."<br><br>*Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 462 (N.J. 1994); *see Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (N.J. 1987). | **6 years from accrual of action.**<br><br>N.J. Stat. Ann. § 2A:14-1; *Mirra v. Holland Am. Line*, 751 A.2d 138, 140 (N.J. Super. Ct. App. Div. 2000). | **Compensatory damages, treble damages, attorneys' fees and costs.**<br><br>N.J. Stat. Ann. § 56:8-19. |

| Jurisdiction and Legal Authority | Private Right of Action | MISREPRESENTATIONS | | | Statute of Limitations & Discovery Rule | What Remedies Are Available? |
|---|---|---|---|---|---|---|
| | | Does a Plaintiff Need to Prove Reliance? | Is the Reasonable Consumer Standard Used in Determining Whether a Practice or Statement is Deceptive and if the Misrepresentation is Material? | Is a Showing of Intent or Scienter Required? | | |
| **New York**<br><br>*Consumer Protection from Deceptive Acts and Practices*<br><br>N.Y. Gen. Bus. Law §§ 349, *et seq.* | **Private right of action allowed.**<br><br>N.Y. Gen. Bus. Law § 349(h). | **No.**<br><br>No proof of actual reliance is required.<br><br>*Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005). | **Yes.**<br><br>Misrepresentations are actionable if "likely to mislead a reasonable consumer acting reasonably under the circumstances."<br><br>*Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*, 647 N.E.2d 741, 745 (N.Y. 1995); *see Wilner v. Allstate Ins. Co.*, 71 A.D.3d 155, 162 (N.Y. App. Div. 2010); *Daniel v. Mondelez Int'l, Inc.*, 28 F. Supp. 3d 177, 189-90 (E.D.N.Y. 2018). | **No.**<br><br>A showing of scienter is not required.<br><br>*Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.3d 508, 511-12 (2d Cir. 2005). | **3 years from accrual of action.**<br><br>N.Y. C.P.L.R. § 214(2); *Gaidon v. Guardian Life Ins. Co. of Am.*, 750 N.E.2d 1078, 1084 (N.Y. 2001). | **Actual damages, injunctive relief, attorneys' fees and treble damages on willful conduct.**<br><br>N.Y. Gen. Bus. Law § 349(h); *Super Glue Corp. v. Avis Rent a Car Sys., Inc.*, 132 A.D.2d 604, 606 (N.Y. App. Div. 1987). |

| Jurisdiction and Legal Authority | Private Right of Action | MISREPRESENTATIONS | | | Statute of Limitations & Discovery Rule | What Remedies Are Available? |
|---|---|---|---|---|---|---|
| | | Does a Plaintiff Need to Prove Reliance? | Is the Reasonable Consumer Standard Used in Determining Whether a Practice or Statement is Deceptive and if the Misrepresentation is Material? | Is a Showing of Intent or Scienter Required? | | |
| **Washington**<br><br>*Unfair Business Practices – Consumer Protection Act*<br><br>Wash. Rev. Code §§ 19.86.010, *et seq.* | **Private right of action allowed.**<br><br>Wash. Rev. Code Ann. § 19.86.090. | No.<br><br>Reliance is not required.<br><br>*Pierce v. NovaStar Mortg., Inc.*, 238 F.R.D. 624, 629 (W.D. Wash. 2006). | Yes.<br><br>"A deceptive act or practice is measured by 'the net impression' on a reasonable consumer."<br><br>*State v. Mandatory Poster Agency, Inc.*, 398 P.3d 1271, 1277 (Wash. Ct. App. 2017).<br><br>"The CPA does not define 'deceptive,' but the implicit understanding is that 'the actor *misrepresented* something of material importance.'"<br><br>*State v. Mandatory Poster Agency, Inc.*, 398 P.3d 1271, 1277 (Wash. Ct. App. 2017). | *No.*<br><br>Proof of intent to deceive is not a prerequisite.<br><br>*HB Development, LLC v. Western Pacific Mut. Ins.*, 86 F.Supp.3d 1164, 1186 (E.D. Wash. 2015); *Hangman Ridge Training Stables, Inc. v. Safeco Title Inc. Co.*, 719 P.2d 531, 535 (Wash. 1986). | **4 years from accrual of action.**<br><br>Wash. Rev. Code § 19.86.120. | **Actual damages, injunctive relief, attorneys' fees and costs.**<br><br>Wash. Rev. Code § 19.86.090. |